# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANSYS, Inc. ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:14-cv-01271-AJS |
| ) | |
| v. ) | Judge Arthur J. Schwab |
| ) | |
| GREGORY S. FALLON, ) | *Electronically Filed* |
| ) | |
| Defendant. ) | |

## CONSENT ORDER

AND NOW, this 14th day of October, 2014, based upon the agreement of the parties in the above-captioned matter and Autodesk, Inc. ("Autodesk"), as evidenced by their below signatures, it is hereby AGREED TO and ORDERED that:

1. Defendant Gregory S. Fallon ("Mr. Fallon"), the former Director Strategic Marketing Programs for Plaintiff ANSYS, Inc. ("ANSYS"), shall not perform any work for Autodesk, any of its subsidiaries, any of its affiliates or any Competitor (as defined under the ANSYS Intellectual Property Protection Agreement) for one year beginning on September 10, 2014 (the "12-Month Restrictive Period").

2. "Work" is defined broadly to include performing any services, whether as a consultant, an employee, independent contractor or otherwise or receiving any compensation or benefits.

3. Without any limitation, Mr. Fallon agrees that he has and will abide by the terms of the ANSYS Intellectual Property Protection Agreement, Autodesk and Mr. Fallon have not and will not misappropriate any of ANSYS' trade secrets, and Autodesk and Mr. Fallon have not and will not engage in any unfair competition against ANSYS.

4. Fallon agrees to forfeit his ability to receive the six months of pay under the Agreement for abiding by its non-competition terms, ANSYS shall stop all payments to Fallon as of October 9, 2014, Mr. Fallon or Autodesk shall repay the compensation and benefits received from ANSYS since September 10, 2014. Autodesk is free to pay the equivalent of the six months' salary to Mr. Fallon that ANSYS will not pay, but no other compensation during the 12-Month Restrictive Period.

5. ANSYS, Mr. Fallon and Autodesk have each agreed and consented to the exclusive jurisdiction and venue of this Court in the event of any violation or breach of this Consent Order or any dispute relating to it. Any such action will be brought in the United States District Court for the Western District of Pennsylvania and designated as related to the above-captioned matter for purposes of assignment to this Court, which is already familiar with the facts and claims at issue.

6. ANSYS, Mr. Fallon, and Autodesk hereby consent to personal jurisdiction and venue in that District and hereby waive any and all arguments that they have or may have as to lack of personal jurisdiction, improper venue or forum non conveniens. Although the Court will administratively close the case, this Court retains jurisdiction over any and all disputes regarding enforcement of and/or compliance with this Consent Order. Pennsylvania statutory and decisional law, excluding its choice of law provisions, shall govern in any action brought to enforce the terms of this Consent Order.

7. ANSYS agrees to voluntarily dismiss this suit with prejudice upon entry of this Consent Order, and further agrees not to commence litigation against Autodesk or Fallon based on the underlying facts of this case except to enforce this Consent Order.

8. The undersigned intend to be legally bound by this Consent Order and affirm that they have had a reasonable opportunity to consider its terms, have carefully read it, and have consulted with their legal counsel prior to execution, and affirm that they have had this Consent Order explained to them by their respective counsel and have signed, sealed and delivered it voluntarily, without coercion and with knowledge of the nature and consequences thereof. This Consent Order may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. A faxed copy of this Consent Order may be used as an original.

9. The Parties agree that after September 10, 2015, Autodesk or Delcam are free to hire Mr. Fallon, but he remains obligated not to disclose any of ANSYS' confidential, proprietary or trade secret information.

10. There are no understandings between ANSYS, Mr. Fallon and Autodesk regarding this Consent Order other than as set forth herein and there have been no promises, inducements or commitments made in conjunction with this Consent Order which are not explicitly set forth herein. Any amendments hereto must be in writing and signed by the parties hereto and approved by the Court.

| | | |
|---|---|---|
| _See Doc. No. 55, pg. 3_ | | |
| Witness | Gregory S. Fallon | Date |
| _See Doc. No. 55, pg. 1_ | | |
| Attest | For ANSYS, Inc. | Date |
| _See Doc. No. 55, pg. 2_ | | |
| Attest | For Autodesk, Inc. | Date |

_____
Arthur J. Schwab
United States District Judge

4